OPINION
{¶ 1} This underinsured motorist case arises from an accident that occurred June 12, 1994. On that date, Troy Lamb and Anthony Lamb were passengers in a 1988 Mercury Tracer driven by Tiffany McKnight, their mother. Gwen McKnight, the boys' grandmother, was the owner of the vehicle, but she was not in the vehicle at the time of the accident. All four lived together at the time of the accident.
 {¶ 2} At the time of the accident, Gwen McKnight was employed by Summa Health Systems ("Summa"). Summa had both a business auto policy and a catastrophe liability policy with defendant-appellant/cross-appellee, Buckeye Union Insurance Company ("Buckeye Union"). The accident in question had no connection whatsoever with Gwen McKnight's employment with Summa.
 {¶ 3} Through their guardian, Troy and Anthony Lamb sought underinsured motorist coverage under both Buckeye Union policies pursuant to holdings of the Ohio Supreme Court in Scott-Pontzer v. Liberty Mut.Fire Ins. Co. (1999), 85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557. Both parties filed motions for summary judgment and stipulated to the facts. On January 9, 2003, the trial court rendered a decision finding that the wards were entitled to recover benefits under the business auto policy but not under the catastrophic liability policy. On February 12, 2003, the trial court entered judgment, and both sides appealed. Buckeye Union appealed the portion of the judgment permitting the wards to recover underinsured motorist benefits under the business auto policy, while the guardian appealed the portion of the judgment denying recovery under the catastrophic liability policy.
 {¶ 4} On November 5, 2003, after briefing, and oral argument of this matter had been completed, the Ohio Supreme Court decided WestfieldIns. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. The Ohio Supreme Court's decision limited the holding of Scott-Pontzer and overruledEzawa. In pertinent part, the court held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Westfield, at paragraph two of the syllabus. Paragraph three of the syllabus reads, "[w]here a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured."
 {¶ 5} Here, the parties stipulated that Gwen McKnight was not in the course and scope of her employment with Summa at the time of the accident. Therefore, no coverage arises under either policy.
 {¶ 6} Based on the foregoing, appellant Buckeye Union's first and second assignments of error are sustained based on the authority ofWestfield, the third, fourth, and fifth assignments of error are moot, the assignment of error in the cross-appeal is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part and we enter judgment for Buckeye Union pursuant toWestfield, supra.
Judgment affirmed in part and reversed in part.
PETREE, P.J., and BOWMAN, J., concur.